UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

*In re*:

THOMAS G. SMITH,

        Debtor.

Case Number: 21-11453-7

THOMAS G. SMITH,

        Plaintiff,

v.

SOFI LENDING CORP. and
MOHELA,

        Defendants.

Adversary Number: 22-00011

**DECISION**

Plaintiff Thomas G. Smith ("Debtor") filed a voluntary Chapter 7 petition. Debtor then initiated this adversary proceeding against SoFi Lending Corp. ("SoFi") to determine the dischargeability of debt he owes to SoFi. Debtor obtained a loan from SoFi for what he describes as "student loans." Still, he argues the SoFi loan does not fit any of the categories of nondischargeable student loans set forth in 11 U.S.C. § 523(a)(8). Instead, Debtor alleges the SoFi loans are "private student loan debts not described under 11 U.S.C. § 523(a)(8)" and are therefore dischargeable.

In response, SoFi moved to dismiss the adversary proceeding under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted. After SoFi filed its motion, Debtor filed an Amended Complaint. The

Amended Complaint is nearly identical to the original Complaint. The sole difference is one paragraph alleging that not discharging the obligation to repay the student loans would impose an undue hardship on the Debtor.

For the reasons below, this Court GRANTS in part and DENIES in part SoFi's motion.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(a). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The matter before the Court relates to nondischargeability. It falls within "determinations as to the dischargeability of particular debts" and is thus a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## DISCUSSION

### 1. Mootness

Seventh Circuit case law has regularly held that an amended complaint renders moot any pending motion to dismiss. *See, e.g., Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void."); *Momou v. Dean Health Plan, Inc.*, 2020 WL 4464507, at *1 (W.D. Wis. Aug. 4, 2020) ("The filing of the amended complaint has rendered moot the parties' other pending motions related to the original complaint."); *Aqua Fin., Inc. v. The Harvest King, Inc.*, 2007 WL 5404939, at *1 (W.D. Wis. Mar. 12, 2007) (ordering that a motion to dismiss is denied as moot given the filing of an amended complaint); *Bertha v. Sullivan,* 719 Fed. Appx.

516, 518 (7th Cir. 2017) (finding that an "amended complaint became the operative complaint, . . . making the pending motions to dismiss the *original* complaint irrelevant").

At the very least, this Court may not ignore Debtor's Amended Complaint. *See Bertha*, 719 Fed. Appx. at 519 (finding that the district court erred by dismissing an adversary proceeding without addressing an amended complaint). While this Court may simply deny SoFi's Motion to Dismiss as moot given the Amended Complaint, it is not in the interest of judicial economy to do so. The only change between the original Complaint and the Amended Complaint is the addition of a single paragraph alleging undue hardship. Beyond that, the two filings are identical.

It would be a waste of judicial resources and time to deny SoFi's Motion to Dismiss as moot, only to have it refiled making exactly the same arguments aside from undue hardship. For that reason, this Court will decide SoFi's Motion to Dismiss considering the Amended Complaint.

2. **Legal Standard**

A defense to a complaint is that the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint attacked by a Rule 12(b)(6) motion need not include detailed factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But a plaintiff must provide more than labels and conclusions. *Id.* "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570). The plausibility standard asks for more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* There are two "working principles" the Supreme Court has set forth in analyzing motions to dismiss:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (citations omitted).

When considering a motion to dismiss under Rule 12(b)(6), the Court presumes that all well-pleaded allegations are true, views all reasonable doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party. *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 249 (2009).

### 3. **SoFi Loan Agreement**

In its Motion to Dismiss, SoFi requests that this Court consider the loan agreement between SoFi and the Debtor. The SoFi loan documents were not

attached to Debtor's Complaint or Amended Complaint. Rather, SoFi attached a copy of the loan agreement to its Motion to Dismiss. SoFi argues the loan agreement may be considered at the Rule 12(b)(6) stage without causing the motion to be converted to one for summary judgment because "a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." According to SoFi, the loan documents are "undeniably integral" to Debtor's claims because the Complaint and Amended Complaint refer explicitly and repeatedly to the "SoFi loan." The Debtor says he did not have copies of the SoFi loan documents. As a result, it cannot be said he relied on them in filing his Complaint. SoFi says the loan was a refinancing. Thus, the SoFi loan documents provide no information about the use of the funds from the original loans.

This Court disagrees with SoFi. It will not consider the SoFi loan documents at this stage of the adversary proceeding. The loan documents are unnecessary for an analysis of the Debtor's claims under the plausibility standard and a motion to dismiss under Rule 12(b)(6).

A claim under 11 U.S.C. § 523(a)(8)(A)(ii), alleging certain student loan debts are dischargeable because they did not provide an educational benefit, focuses on whether there was actually any educational benefit provided to the Debtor. And the focus of an undue hardship analysis is on the Debtor's financial situation, not the terms of a student loan agreement. The Court,

therefore, does not find the SoFi loan documents to be integral to the Debtor's claims under section 523(a)(8) for now.

### 4. Rule 12(b)(6) Analysis

Paragraph 8 of Debtor's Amended Complaint alleges that the loan from SoFi does not fall into any category under 11 U.S.C. § 523(a)(8)—specifically that it does not fit sections 523(a)(8)(A)(i), 523(a)(8)(A)(ii), or 523(a)(8)(B). Additionally, paragraph 10 of Plaintiff's Amended Complaint alleges that, even if this Court were to find the SoFi loan nondischargeable under section 523(a)(8), the Debtor should still receive a discharge because failing to discharge the loan imposes an undue hardship on Debtor. For these reasons, this Court will address whether Debtor's allegations meet the plausibility standard under each claim separately.

#### a. 11 U.S.C. § 523(a)(8)(A)(i)

11 U.S.C. § 523(a)(8)(A)(i) excepts from discharge debts for "an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution." Both parties agree that SoFi is not a governmental unit, and there is no evidence in the record that the loan was made under any program funded in whole or in part by a governmental unit or nonprofit institution. On the contrary, Debtor asserts the SoFi loan is a "private student loan." So this section is irrelevant. There is no dispute about whether the SoFi loan falls under this subsection of 523(a)(8) and, therefore, there is nothing for this Court to determine. Thus, this Court GRANTS SoFi's

Motion to Dismiss with respect to any claims the loan does not fall under 11 U.S.C. § 523(a)(8)(A)(i).

### b. 11 U.S.C. § 523(a)(8)(A)(ii)

11 U.S.C. § 523(a)(8)(A)(ii) excepts from discharge any "obligation to repay funds received as an educational benefit, scholarship, or stipend." Paragraph 8 of Debtor's Amended Complaint alleges that Debtor's "schedules indicate that the indebtedness to creditors/defendants are not . . . an obligation to repay funds received as an educational benefit, scholarship, or stipend." There is no claim the SoFi loans were a "scholarship or stipend." So the only potential cause of action under section 523(a)(8)(A)(ii) is whether the student loans were "an obligation to repay funds received as an educational benefit."

SoFi argues the Debtor's claim should be dismissed because his allegations are conclusory and Debtor has not pled sufficient facts to state a plausible claim for relief. This Court agrees with SoFi. It finds that Debtor's Amended Complaint fails to contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face'" under section 523(a)(8)(A)(ii). *Iqbal*, 556 U.S. at 678.

Whether a debt is for an "educational benefit" is a mixed question of law and fact. *See, e.g., In re Dudley*, 614 B.R. 277, 280 (S.D. Ohio 2020) (reviewing a section 523(a)(8)(A)(ii) analysis as a mixed question of law and fact). Further, "educational benefit" is a phrase unique to section 523(a)(8)(A). The other subsection of section 523(a)(8)—section 523(a)(8)(B)—contains the phrase

7

"educational loan" but omits "educational benefit." And to say that an "educational benefit" is the same thing as an "educational loan" would violate basic laws of statutory construction. *See McDaniel v. Navient Sols., LLC (In re McDaniel)*, 973 F.3d 1083, 1095 (10th Cir. 2020) (holding that "[i]t is clear to us that the statutory terms 'obligation to repay funds received as an educational benefit' and 'educational loan' mean separate things"); see also *Russello v. United States*, 464 U.S. 16, 23 (1983) (observing that when Congress includes particular language in one section of a statute but omits it in another, a court presumes that Congress intended a difference in meaning). Therefore, "educational benefit" must be something more than simply a loan.

As such, a complaint arguing that section 523(a)(8)(A)(ii) is inapplicable because an incurred debt was not for an educational benefit requires factual allegations about how the loans failed to provide any educational benefit. Debtor's Amended Complaint is entirely devoid of such allegations. Nowhere in the Amended Complaint does Debtor state *any* fact that would allow this Court to find it plausible the SoFi loans provided no educational benefit. Simply saying the loan was not "an obligation to repay funds received as an educational benefit" without providing any other piece of information about the loan is insufficient to survive the plausibility standard required for a complaint. Thus, this Court GRANTS SoFi's request to dismiss Debtor's claim under 11 U.S.C. § 523(a)(8)(A)(ii).

### c. 11 U.S.C. § 523(a)(8)(B)

11 U.S.C. § 523(a)(8)(B) excepts from discharge "any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual." 26 U.S.C. § 221(d)(1) of the Internal Revenue Code defines "qualified education loan" as follows:

> any indebtedness incurred by the taxpayer solely to pay qualified higher education expenses—
>
> (A) which are incurred on behalf of the taxpayer, the taxpayer's spouse, or any dependent of the taxpayer as of the time the indebtedness was incurred,
>
> (B) which are paid or incurred within a reasonable period of time before or after the indebtedness is incurred, and
>
> (C) which are attributable to education furnished during a period during which the recipient was an eligible student.

Debtor admits in his Amended Complaint that the SoFi loans are student loans but provides no further detail about the indebtedness. He simply alleges in paragraph 8 of his Amended Complaint that the debt is not "any other educational loan that is a qualified education loan as defined in § 221(d)(1) of the Internal Revenue Code of 1986."

Debtor provides zero factual allegations to show why the student loans do not fall under 11 U.S.C. § 523(a)(8)(B). This is precisely the type of threadbare recitations of the elements of a cause of action *Iqbal* cautions against. Debtor's allegation as crafted does not suffice to meet the plausibility standard. As a result, this Court finds that Debtor has failed to state a claim

9

upon which relief may be granted and GRANTS SoFi's Motion to Dismiss Debtor's claim under 11 U.S.C. § 523(a)(8)(B).

### d. Undue Hardship

Paragraph 10 of Debtor's Amended Complaint alleges that not discharging the obligation to repay the student loans would impose an undue hardship upon the Debtor. Admittedly, paragraph 10 includes confusing phrases such as "subject to *virtue* by their nature as federal loans" and the "obligation to repay the student loans would impose an undue hardship upon the *defendant*." But, Debtor clarified in a June 14, 2022, hearing that the words "virtue" and "defendant" were typographical errors: the word "virtue" should be switched to the word "discharge" and the word "defendant" should be switched to "plaintiff."

Putting aside Debtor's typographical errors, Debtor's Amended Complaint contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. Debtor attached and incorporated Schedules I and J as part of his Amended Complaint. So the Court may consider these documents in its analysis. The following information is clear from Debtor's schedules:

- On the petition date, Debtor was employed as a deli assistant at the Chequamegon Food Co-op;
- He became employed at the deli on June 17, 2021;
- His hourly rate at his deli assistant position is $10.25 and he works about 16 hours a week, leading to a monthly income of $656;
- Debtor's income appears to be substantially below the federal poverty level;

10

- Debtor's Schedule J lists $917.27 a month in expenses, although Debtor lists only life insurance, vehicle insurance, and car payments as his monthly expenses;

- As of the petition date, Debtor owed at least $22,943.00 to SoFi.

- The last activity on the SoFi loan was in April 2021.

The Seventh Circuit has adopted the *Brunner* test to determine whether a student loan obligation poses an undue hardship. The *Brunner* test outlines three requirements to qualify for undue hardship: (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for [himself] and [his] dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loan. *See Williams v. United States Dep't of Educ.*, 752 F. App'x 363, 364 (7th Cir. 2019); *see also Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir. 1987) (per curiam).

Though not very clearly laid out, the facts alleged in Debtor's Amended Complaint are sufficient for Debtor to make a plausible undue hardship claim under section 523(a)(8). For the first prong of the *Brunner* test, a Debtor whose income is substantially below the federal poverty level and is forced to repay a $22,943.00 loan has, at the very least, a plausible claim that he cannot maintain a "minimal" standard of living if forced to repay the loan. Given that Debtor has a steady job as a lower wage deli clerk, for the second prong it is

possible that his financial situation will persist for a significant portion of the repayment period of the student loans. As to the third prong, Debtor's schedules say the last activity on the SoFi loan was in April 2021. SoFi decided to refinance the loans. There is no evidence that Debtor defaulted on his loan before this. Thus, it is plausible that when Debtor entered into the loan agreement with SoFi up until the petition date, Debtor had made all the efforts he could to repay the SoFi loan. This demonstrates a plausible good faith claim satisfying the third prong.

To be clear, the *Brunner* test is a fact-intensive analysis. So Debtor will have to provide significantly more detail to meet his burden of proving undue hardship. But viewing all doubts and inferences in favor of the Debtor, the allegations are sufficient for the Court to conclude the Amended Complaint states a plausible claim that the Debtor is entitled to relief under the undue hardship exception to section 523(a)(8). Although the facts taken as true do state a plausible claim that the Debtor is entitled to relief, that does not mean SoFi will not have the chance to present defenses. SoFi will be able to contest these facts at trial.

## CONCLUSION

For these reasons, the Court GRANTS SoFi's Motion to Dismiss the adversary proceeding in part and DENIES the Motion to Dismiss in part. The Court orders as follows:

1. This Court GRANTS SoFi's Motion to Dismiss the adversary proceeding to the extent Debtor asserts claims under 11 U.S.C. § 523(a)(8)(A) and 523(a)(8)(B);

2. This Court DENIES SoFi's Motion to Dismiss to the extent Debtor asserts an undue hardship claim under 11 U.S.C. § 523(a)(8).

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: August 5, 2022

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge